UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA LEE WARD, JR.,

        Plaintiff,

    v.                                          Case No. 20-C-1328

CINDY BUCHANAN,
CAPT. CHATMAN, and
SGT. BETANCOURT,

        Defendants.

# SCREENING ORDER

Plaintiff Joshua Ward, Jr., who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). On October 20, 2020, the court waived the initial partial filing fee and advised Plaintiff that he could voluntarily dismiss the action within 21 days to avoid paying the filing fee or incurring a possible strike. To date, Plaintiff has not moved to voluntarily dismiss the action. Therefore, Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations

2

must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, on June 28, 2020, he was placed in a padded cell in the Health Services Unit (HSU) for prior self-harming behavior. While he was in the cell, Plaintiff had a mental breakdown which caused him to blackout, smear feces on the wall and on himself, and bang his head on the metal grate in his cell. After he calmed down, he asked a correctional officer for water. Plaintiff claims the correctional officer denied his request.

Later that night, Captain Chatman demanded that Plaintiff clean his cell window so officers could see Plaintiff when they removed him from his cell. Plaintiff used his high security smock to clean the window because he did not have any cleaning material. At approximately 12:55 a.m., Plaintiff was placed in a restraint chair two cells down from the padded cell for a "2-hour cool down period." Compl. at 3, Dkt. No. 1. At 2:55 a.m., RN Peters cleared Plaintiff to be put back into the cell. Plaintiff mentioned to Captain Chatman that he would like a shower and for the cell to be cleaned. Captain Chatman replied, "We will be providing you disinfecting wipes so you can clean yourself and your cell." *Id.* Plaintiff alleges that, when he was put back into his cell, Sergeant Betancourt aggressively pulled Plaintiff's arm out of the trap door, causing loss of feeling in Plaintiff's right thumb. Plaintiff was given disinfecting wipes, and Captain Chatman and the other officers walked away.

The next morning, Dr. Norge cleared Plaintiff to leave the padded cell and return to RH1. Once Plaintiff was cleared, HSU Manager Cindy Buchanan approached his cell and said, in an allegedly threatening manner, "If you ever come back to my unit and do this again there will be severe consequences." *Id.*

#### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff claims Captain Chatman violated his rights when he placed Plaintiff in a cell that contained his own feces. The Eighth Amendment guarantees prisoners "humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "The Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results 'in the denial of "the minimal civilized measures of life's necessities,"' and (2) where prison officials are deliberately indifferent to the state of affairs." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (citation omitted). Although Plaintiff used his security smock to clean his window, once Plaintiff returned to his cell after being placed in the restraint chair, Captain Chatman gave Plaintiff disinfecting wipes to clean himself and his cell. Plaintiff claims this constitutes cruel and unusual punishment. It does not.

Requiring an inmate to clean up the mess he created, absent some showing that he was incapable of doing so, does not constitute a constitutional violation. And while Plaintiff may have preferred a warm shower to clean himself off, the fact that he was instead given disinfecting wipes to do so likewise does not amount to cruel and unusual punishment. This follows from the basic moral principle that one is accountable for his own intentional actions, a principle that underlies the very law that authorizes the sentence Plaintiff is serving. After all, if Plaintiff was not responsible for his conduct, he could not have been sentenced to prison for a crime. *See* Wis. Stat.

§ 971.17 (authorizing civil commitment of persons found not guilty by reason of mental disease or defect). Because Plaintiff created the mess, it was reasonable to require that he clean it up, a lesson Plaintiff should have learned as a child. Captain Chatman did not subject Plaintiff to cruel and unusual punishment by applying that principle. Plaintiff has failed to state a claim against Captain Chatman.

Plaintiff claims Sergeant Betancourt used excessive force against him when he aggressively pulled Plaintiff's arm out of the trap door, causing loss of feeling in Plaintiff's right thumb. The Supreme Court has held that the core judicial inquiry in an excessive force case is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Based on the allegations in the complaint, Plaintiff may proceed on his claim that Sergeant Betancourt used excessive force against him.

Plaintiff asserts that Cindy Buchanan violated his constitutional rights when she stated in an allegedly threatening manner, "If you ever come back to my unit and do this again there will be severe consequences." Even if the court were to accept Plaintiff's characterization of Buchanan's remarks as threats or harassment, this does not rise to the level of a constitutional violation. *See Beal v. Foster*, 803 F.3d 356 (7th Cir. 2015) ("[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment."). This isolated incident does not rise to the level of a constitutional violation for which relief may be granted. Accordingly, Plaintiff has failed to state a claim against Buchanan. The court finds that Plaintiff may proceed on an excessive force claim against Sergeant Betancourt.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

5

**IT IS FURTHER ORDERED** that Captain Chatman and Cindy Buchanan are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 1st day of December, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge