UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA LEE WARD, JR.,

    Plaintiff,

    v.                                         Case No. 20-C-1328

KAYLENE BETANCOURT,

    Defendant.

## ORDER

    Plaintiff Joshua Lee Ward, Jr., who is currently serving a state prison sentence at Columbia Correctional Institution, filed this action against Defendant Kaylene Betancourt, alleging that she used excessive force against him when she pulled Plaintiff's arm out of his trap door. This matter comes before the Court on Plaintiff's request that the Court issue subpoenas to obtain discovery and motion for extension of time to respond to Defendant's motion for summary judgment on exhaustion grounds.

    Plaintiff requests that the Court subpoena Defendant so that he may have access to his conduct reports and Defendant's body camera and padded cell footage on the night of June 28, 2020, into the morning of June 29, 2020. On January 29, 2021, the Court stayed discovery on the merits of Plaintiff's claim until it issues a decision on Defendant's motion for summary judgment. Plaintiff's request for subpoenas is denied on this basis.

    Even if discovery were not stayed, the Court would not subpoena documents and other materials for Plaintiff. A person seeking to issue a subpoena must ask the Clerk of Court to provide him with a subpoena form; the Clerk of Court will sign a blank subpoena form and deliver it to the

requesting party. Fed. R. Civ. P. 45(a)(3). The requesting party must then complete the form and make arrangements and pay for someone to serve the subpoena on the individuals from whom he wants to obtain the documents. The party seeking a subpoena (in this case, Plaintiff) is responsible for paying the associated costs even if the Court has found that the party is indigent. *See Armstead v. MacMillian*, 58 F. App'x 210, 213 (7th Cir. 2003) ("District courts do not have statutory authority to waive witness fees for indigent civil litigants . . . ."); *Nail v. Gutierrez*, No. 06-cv-292, 2007 WL 4255535, at *1 (N.D. Ind. Nov. 30, 2007) ("28 U.S.C. § 1915 does not authorize the expenditure of public funds for deposition costs; indeed, that statute does not relieve a *pro se* prisoner proceeding *in forma pauperis* from paying any of his discovery costs." (citations omitted)).

Given the costs associated with subpoenas, incarcerated plaintiffs rarely rely on subpoenas to collect the information they need to prosecute their cases. Instead, they rely on the discovery process by serving interrogatories, requests for admission, and requests for production. *See* Fed. R. Civ. P. 33, 34, 36. In the event the Court lifts the stay on discovery, Plaintiff may use these discovery tools to ask Defendant up to twenty-five written questions (called interrogatories in the Federal Rules of Civil Procedure) and he may ask her to give him documents that she has in her possession. *See id.* Defendant may object to a request to the extent she believes the request is improper. If Plaintiff does not agree with an objection, he should try to informally resolve the dispute with Defendant's counsel. *See* Civil L.R. 37. Most parties are able to resolve discovery disputes without the Court's involvement.

Plaintiff also requests an extension of time to respond to Defendant's motion for summary judgment on exhaustion grounds. He notes that, due to the COVID-19 pandemic, he does not have access to legal materials. The issue raised in Defendant's motion for summary judgment is

2

Plaintiff's failure to exhaust his administrative remedies. Exhaustion is a threshold issue that is not unique to Plaintiff's case. Plaintiff must explain what evidence exists to establish that he exhausted his administrative remedies. The facts that support whether Plaintiff exhausted his administrative remedies are generally available through his own knowledge, not the law library or other legal material. The Court will nevertheless grant the request for an extension of time to allow Plaintiff to respond to the motion for summary judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's request for subpoenas is **DENIED** and his motion for an extension of time is **GRANTED**. Plaintiff's response to Defendant's motion for summary judgment is due on or before March 31, 2021.

Dated at Green Bay, Wisconsin this 17th day of February, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge