UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA LEE WARD, JR.,

        Plaintiff,

        v.                                                            Case No. 20-C-1328

KAYLENE BETANCOURT,

        Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

        Plaintiff Joshua Lee Ward, Jr., who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed this action pursuant to 42 U.S.C. § 1983, alleging Defendant Kaylene Betancourt used excessive force against him when she pulled Plaintiff's arm out of the trap door of his cell. This matter comes before the Court on Defendant's motion for summary judgment on exhaustion grounds. Plaintiff has not responded to the motion and the time to do so has passed. For the reasons that follow, Defendant's motion for summary judgment will be granted and the case will be dismissed without prejudice.

        Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Prison Litigation Reform Act (PLRA) provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(1); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules

governing prison grievances." *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citation omitted). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 526, 532 (2002). The purpose of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated, and decided." Wis. Admin. Code § DOC 310.01(1). To fully exhaust administrative remedies in Wisconsin, the inmate must file a complaint with the Inmate Complaint Examiner within fourteen calendar days of the incident, § DOC 310.07(2), appeal an adverse decision within fourteen days of that decision, § DOC 310.12, and await a final decision from the Office of the DOC Secretary, § DOC 310.13.

Plaintiff did not file any inmate complaints that are relevant to the allegations in this lawsuit. Def.'s Proposed Findings of Fact ¶ 10, Dkt. No. 22.[1] Because Plaintiff has not shown that he fully exhausted and completed each step of the administrative grievance process before filing this lawsuit or that administrative remedies were unavailable to him, his claims must be dismissed.

---

[1] Because Plaintiff did not respond to Defendant's proposed findings of fact, they are deemed admitted for the purposes of summary judgment. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission.").

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (Dkt. No. 20) is **GRANTED** and Defendant's motion to dismiss for failure to prosecute (Dkt. No. 30) is **DENIED as moot**. This case is dismissed without prejudice based on Plaintiff's failure to exhaust his administrative remedies. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 12th day of April, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge